NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOS PADRES FORESTWATCH; et al., | No. 23-55054 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-05925-VAP-KS |
| v. | |
| UNITED STATES FOREST SERVICE; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| AMERICAN FOREST RESOURCE COUNCIL; et al., | |
| Intervenor-Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted February 8, 2024
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Los Padres ForestWatch, Earth Island Institute, and the Center

for Biological Diversity (collectively, "Plaintiffs") appeal the district court's grant

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of summary judgment in favor of the U.S. Forest Service ("the Service") on Plaintiffs' claim that the Tecuya Project's proposed timber cutting violates the Roadless Area Conservation Rule ("Roadless Rule"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The Service's determination that up to 21-inch trees are "generally small diameter timber" within the meaning of the Roadless Rule is not arbitrary and capricious. The Roadless Rule generally prohibits timber harvests in roadless areas but provides some exceptions, including an exception that permits harvest of "generally small diameter timber" when needed for specified purposes and so long as the harvest maintains or improves specified roadless area characteristics. Special Areas; Roadless Area Conservation, 66 Fed. Reg. 3,244 (Jan. 12, 2001). In *Los Padres ForestWatch v. U.S. Forest Service ("Tecuya I")*, 25 F.4th 649 (9th Cir. 2022), we held that the Service's decision met the latter requirements but failed to provide a "reasoned explanation" for the determination that a tree up to 21 inches in diameter (referred to as "21 inches dbh") constitutes "generally small diameter timber" and therefore was arbitrary and capricious. *Id.* at 659, 664. On remand, the Service revised its Decision Memo to provide an explanation.

The Service explained that it determined that trees up to 21 inches dbh constitute "generally small diameter timber" for the Tecuya Project because the dominant species in the project area, Jeffrey Pine, has a growth potential of 60–90

2

inches dbh. The Service also explained why it was using growth potential instead of actual growth as a benchmark, and why it was necessary to cut trees of up to 21 inches dbh to achieve the project goals. We conclude that the revised decision memo adequately demonstrates that "there is a rational connection between the facts that the agency found and its conclusions." *City of Los Angeles v. Fed. Aviation Admin.*, 63 F.4th 835, 842 (9th Cir. 2023).

Plaintiffs contend that the Roadless Rule prohibits the use of growth potential as a benchmark for determining what size qualifies as "small diameter timber." We disagree. The Roadless Rule does not define "generally small diameter timber." Rather, when promulgating the rule, the Forest Service concluded that "[s]uch determinations are best made through project specific or land and resource management plan NEPA [National Environmental Policy Act] analyses," in the context of ecological concerns. Special Areas; Roadless Area Conservation, 66 Fed. Reg. at 3,257. Plaintiffs do not point to any rule provision or text that could be construed as prohibiting the use of growth potential as a benchmark. Nor do they explain why growth potential is not a reasonable ecological factor for the Service to consider.

Plaintiffs also contend that the Service's determination is arbitrary because the revised memo did not provide a specific scientific citation for its factual finding that the growth potential for Jeffrey Pine trees is 60–90 inches dbh. Plaintiffs,

3

however, cite no authority that indicates that an agency's determination is arbitrary merely because it fails to provide a scientific citation for a factual finding. Nor do Plaintiffs cite any evidence showing that the Service's factual finding was incorrect.

Because we conclude that the Service adequately explained its determination that trees up to 21 inches dbh constitute "generally small diameter timber" in the project area, we do not reach the merits of Plaintiffs' challenge to the Service's alternative basis for its determination, which is based on its interpretation of the term "generally."

2. The Service did not fail to address what Plaintiffs call "alternative grounds for reversal" in *Tecuya I*. In that case, we concluded that the Service failed to provide any explanation for its determination that 21-inch dbh trees are "smaller trees" consistent with the Roadless Rule. To clarify why the Service needed to explain the 21-inch dbh determination, we discussed some ways in which that determination appeared to be at odds with other information in the record, including descriptions of tree sizes in the Los Padres Land Management Plan and an Environmental Assessment for the adjacent Frazier Mountain Project. 25 F.4th at 657–58. We also noted that the Service failed to explain "why 21-inch dbh trees, specifically, are creating the risk of wildfire the Project seeks to ameliorate." *Id.* at 659. Plaintiffs argue that the Service was required, but failed, to specifically and

4

explicitly address each of these issues in its revised decision memo. We note that the Service explicitly addressed at least some of these issues in the revised decision memo, but in any event, *Tecuya I* did not require the Service to do so. To the contrary, we expressly stated that we do "not require the Forest Service to undertake any particular method of providing a reasoned explanation for its choice to designate trees of up to 21-inches dbh as 'generally small.'" *Id.*

**AFFIRMED.**